### VINCE *et al. v.* THE STATE.

Under a special act creating a city court and providing for the appointment of a sheriff thereof, that officer may, though such act does not, even in general terms, prescribe or define his powers and duties, execute processes of that court or perform any other duty necessarily incident to his position as its ministerial officer ; but he can not, under such act, lawfully execute processes issued from other courts or by judicial officers other than the judge of the city court in question.　Applying this principle to the present case, it follows that the court below erred in not sustaining the demurrer to the accusation.

Submitted July 15, — Decided July 19, 1901.

Accusation of obstructing legal process.　Before Judge Adams. City court of Dublin.　June 4, 1901.

*Akerman & Akerman*, for plaintiffs in error.
*F. G. Corker, solicitor*, contra.

LEWIS, J.    The accused was tried in the city court of Dublin,. upon an accusation charging that on a named day, in Laurens county, she and three other named females did " unlawfully, knowingly, and wilfully obstruct, resist, and oppose an officer of this State,. to wit, J. D. Prince, sheriff of the city court of Dublin, in serving a State warrant issued by J. B. Wolfe, a N. P. & Ex-Off. J. P. of the 342d district G. M., Laurens county, Georgia, for the arrest of one Rosa Vince, charged in said warrant with a misdemeanor, said warrant dated Feb. 25, 1901, by then and there striking the said J. D. Prince, and thereby attempting to prevent said officer from making said arrest."    The defendants demurred to the accusation, on the grounds, (1) that it did not state facts sufficient to constitute a crime under the laws of this State; (2) that the act constituting the city court of Dublin is unconstitutional in that it embraces more than one subject, to wit, the establishment of the city court of Dublin, and the abolishment of the city court of Laurens county;. and (3) that the sheriff of the city court of Dublin has no authority in law to execute a State warrant issued by a justice of the peace or a notary public who is ex-officio justice of the peace.    To: the overruling of this demurrer the defendants except.

In the view which we entertain of this case it is only necessary to consider the last of the grounds of demurrer set forth above; for if the sheriff of the city court of Dublin had no authority to serve the warrant for obstructing the execution of which the accused was tried, it is at once apparent that the accusation can not stand. The city court of Dublin was established in pursuance of an act approved December 6, 1900.    Acts 1900, p. 117.    Section 16 of that act provides for the appointment by the judge of a sheriff, and for the appointment by the sheriff of a deputy or deputies.    The: act nowhere sets forth what shall be the duties of the sheriff or his deputies.    In the absence of such a provision in the law creating the court, the sheriff will not, of course, be deprived of authority to do any official acts whatever, but he will be held to be empowered to do those things, and those things only, which are necessary to the performance of his duties as sheriff of the court under which he serves.    The statute creating his office gives him no power to execute warrants issued from any other court, and there is no general law of force in this State which can be construed to give him such authority.    Had he been serving a warrant issued from the

city court of Dublin at the time the alleged offense was committed, the defendants could very properly have been held under this accusation; but he was engaged in a service which he had no authority to perform, and the defendants were not, therefore, liable to punishment for the offense with which they were charged. Sections 895 and 898 of the Penal Code, cited in the brief of the solicitor, refer to the duties of officers generally, and of arresting officers, and necessarily relate to such officers as are by law charged with the duty of making arrests upon the warrants placed in their hands. It would simply be begging the question to apply the rules in regard to these officers to the sheriff of the city court of Dublin. We must, therefore, hold that the court below erred in overruling the demurrer to the accusation.

*Judgment reversed. All the Justices concurring.*